HYMAN KATZ and Another, Appellants, *v.* HARRY B. MENDELSOHN and Others, Respondents.

Second Department, May 27, 1932.

*Harold R. Medina* [*Irving Lemov* with him on the brief], for the appellants.

*Adam K. Stricker*, for the respondent National Surety Company.

*Harry A. Yurdin*, for the respondent Frances Jelinek.

YOUNG, J. The Sorice Operating Co., Inc., purchased from plaintiffs a six-story brick apartment house containing fifty-three apartments, giving back its bond and a purchase-money mortgage for $20,000. Plaintiffs assigned this bond and mortgage to defendant Mendelsohn and also gave him a collateral bond to secure pay-

ment. The operating company conveyed the property to defendant Assunta Sorice subject to the mortgage but without assumption by her of its payment. Upon default in a payment on the mortgage, Mendelsohn commenced a foreclosure action. Plaintiffs in the present action were made parties defendant to that action, and a deficiency judgment asked against them. A receiver of the rents was appointed. Defendant Assunta Sorice applied to vacate the receivership, and her application was granted upon filing a bond to pay any judgment which might be recovered by Mendelsohn against any of the defendants in the foreclosure action. The bond of defendant National Surety Company was given for this purpose and was executed by defendant Assunta Sorice as principal and the surety company as surety. Defendant Sorice thereafter collected the rents. The property was sold under the judgment in foreclosure and a deficiency resulted for which judgment was entered against the plaintiffs in the present action and others. Mendelsohn demanded payment of this judgment under the bond aforesaid from the surety company and defendant Sorice. The surety company paid it and took an assignment thereof. It then assigned it to defendant Jelinek under an agreement with defendant Sorice whereby she undertook the collection of the judgment at her own expense. Jelinek was designated by her as assignee and paid no consideration for the assignment. Payment by plaintiffs of the judgment was demanded and they brought this action to restrain its enforcement. The surety company and Jelinek defend and claim subrogation to Mendelsohn's right to enforce the judgment against plaintiffs.

Analyzing the situation at the time the receivership was discharged and the bond in question given, we find that plaintiffs, under their collateral bond to Mendelsohn, were obligated to pay any deficiency judgment which might result after the sale. On plaintiffs' application, a receiver was appointed to collect the rents, which would, of course, have been applicable to the payment of the mortgage indebtedness. The owner of the equity of redemption — defendant Sorice — had not assumed payment of the mortgage, and a deficiency judgment could not, therefore, have been entered against her. She then applied to discharge the receiver and her application was granted upon giving the bond in question, and she was thereby enabled to collect the rents until the conveyance under the foreclosure sale. This, in my opinion, changed the situation and the rights and liabilities of the parties. Although a receivership in foreclosure is primarily for the benefit of the plaintiff, the defendants, liable for a deficiency judgment, have an interest in that receivership and the rents which may be collected thereunder so

far as they tend to reduce their liability, and to that extent the receivership is for their benefit as well as for that of the plaintiff. Therefore, the bond, required as a condition of discharging the receiver and enabling defendant Sorice to collect the rents, was for the benefit of the plaintiffs in the present action as well as of Mendelsohn, the plaintiff in the foreclosure action. In other words, its purpose and effect were that, in consideration of the collection by the owner, Sorice, of the rents of the property which would otherwise have prevented any deficiency judgment, she and the surety company undertook to indemnify the appellants against collection of the judgment from them as well as to secure it to Mendelsohn. Defendant Sorice, for a valuable consideration, became surety for plaintiffs' liability for the deficiency judgment, and the surety company became surety for Sorice on her obligation to indemnify plaintiffs. Neither it nor its assignee, therefore, can equitably enforce the judgment against plaintiffs under the doctrine of subrogation. (See *Bell* v. *Greenwood*, 229 App. Div. 550.)

The judgment should be reversed on the law, with costs, and judgment directed for plaintiffs, with costs, decreeing that the deficiency judgment for $6,984.38, recovered against plaintiffs and others in the foreclosure action brought by defendant Mendelsohn, was discharged as against plaintiffs by the payment thereof to defendant Mendelsohn by defendant National Surety Company, and that defendant Jelinek be directed to execute and deliver to plaintiffs a proper release of said judgment.

LAZANSKY, P. J., KAPPER and HAGARTY, JJ., concur; CARSWELL, J., dissents and votes to affirm.

Judgment reversed on the law, with costs, and judgment directed for plaintiffs, with costs, decreeing that the deficiency judgment for $6,984.38, recovered against plaintiffs and others in the foreclosure action brought by defendant Mendelsohn, was discharged as against plaintiffs by the payment thereof to defendant Mendelsohn by defendant National Surety Company, and that defendant Jelinek be directed to execute and deliver to plaintiffs a proper release of said judgment. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

Settle order on notice.